IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

DOCKET NO.: 3:21cr31-MOC

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CONSENT ORDER AND |
| v. ) | JUDGMENT OF FORFEITURE |
| ) | PENDING RULE 32.2(c)(2) |
| GARY LEE DAVIS ) | |

BASED UPON the Defendant's plea of guilty and finding that there is a nexus between the property listed below and the offense(s) to which the Defendant has pled guilty and that the Defendant (or any combination of Defendants in this case) has or had a possessory interest or other legal interest in the property, IT IS HEREBY ORDERED THAT:

1. The following property is forfeited to the United States pursuant to 21 U.S.C. § 853, 18 U.S.C. § 924 and/or 28 U.S.C. § 2461(c), provided, however, that forfeiture of specific assets is subject to any and all third party petitions under 21 U.S.C. § 853(n), pending final adjudication herein:

**Approximately $100,000 in United States Currency seized on or about January 27, 2021 during the investigation;**

**Approximately $185,000 in United States Currency seized on or about January 27, 2021 during the investigation;**

**A gray 2020 Toyota Tundra 1794 Edition bearing North Carolina license plate number PLZ-5081 and VIN 5TFAY5F13LX899071, seized on or about January 27, 2021 during the investigation;**

**A black 2002 Mercedes Benz G500, bearing North Carolina license plate number HFH-3981 and VIN WDCYR49E92X130331, seized on or about January 27, 2021 during the investigation;**

**One Dan Wesson, .357 caliber revolver, bearing serial number 197179, and ammunition, seized on or about January 27, 2021 during the investigation;**

**One FN Model 57, .57 caliber pistol, bearing serial number 386391571, and ammunition, seized on or about January 27, 2021 during the investigation;**

**Approximately $15,020 in United States Currency seized on or about January 29, 2021 during the investigation;**

**A black 2017 Mercedes Benz GLC 43 4MATIC bearing North Carolina license plate number HFH3950 and VIN WDC0G6EB0HF249359, seized on or about January 29, 2021 during the investigation;**

**A black 2012 Lexus LS460 bearing North Carolina license plate number TPF-1060 and VIN JTHCL5EF7C5013753**, seized on or about January 29, 2021 during the investigation;

**A black 2015 Mercedes Benz C300 bearing North Carolina license plate number HFH3958 and VIN 55SWF4JB8FU067597** seized on or about February 4, 2021 during the investigation;

**A gray 2016 Lexus GX460 bearing North Carolina license plate number HFH-4000 and VIN JTJJM7FX6G5129196** seized on or about February 4, 2021 during the investigation;

**A black 2016 Mercedes Benz Maybach bearing North Carolina license plate number JCM2972 and VIN WDDUX7GB9GA225718** seized on or about March 13, 2021 during the investigation; and

**A white 2020 Chevrolet Corvette bearing California license plate number 8UWP487 and VIN 1G1Y62D48L5106934** seized on or about April 1, 2021 during the investigation.

2. The United States Marshals Service, the investigative agency, and/or the agency contractor is authorized to take possession and maintain custody of the above specific asset(s).

3. If and to the extent required by Fed. R. Crim. P. 32.2(b)(6), 21 U.S.C. § 853(n), and/or other applicable law, the United States shall publish notice and provide direct written notice of forfeiture.

4. Any person, other than the Defendant, asserting any legal interest in the property may, within thirty days of the publication of notice or the receipt of notice, whichever is earlier, petition the court for a hearing to adjudicate the validity of the alleged interest.

5. Pursuant to Fed. R. Crim. P. 32.2(b)(3), upon entry of this order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of the property, including depositions, interrogatories, and request for production of documents, and to issue subpoenas pursuant to Fed. R. Civ. P. 45.

6. As to any specific assets, following the Court's disposition of all timely petitions, a final order of forfeiture shall be entered. If no third party files a timely petition, this order shall become the final order of forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2), and the United States shall have clear title to the property, and shall dispose of the property according to law.

The parties stipulate and agree that the aforementioned asset(s) constitute property derived from or traceable to proceeds of Defendant's crime(s) herein or constitute property involved in or used in the offense(s) and are therefore subject to forfeiture pursuant to 21 U.S.C. § 853, 18 U.S.C. § 924 and/or 28 U.S.C. § 2461(c). The Defendant hereby waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture

at sentencing, and incorporation of the forfeiture in the judgment against Defendant. If the Defendant has previously submitted a claim in response to an administrative forfeiture proceeding regarding any of this property, Defendant hereby withdraws that claim. If Defendant has not previously submitted such a claim, Defendant hereby waives all right to do so. As to any firearms listed above and/or in the charging instrument, Defendant consents to destruction by federal, state, or local law enforcement authorities upon such legal process as they, in their sole discretion deem to legally sufficient, and waives any and all right to further notice of such process or such destruction.

WILLIAM T. STETZER
ACTING UNITED STATES ATTORNEY

for TAYLOR G. STOUT
Assistant United States Attorney

GARY LEE DAVIS
Defendant

W. ROB HEROY, ESQ.
Attorney for Defendant

Signed this the ⟨12⟩ day of August, 2021.

THE HONORABLE DAVID S. CAYER
UNITED STATES MAGISTRATE JUDGE